| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11)  Criminal Complaint | AUSA: Susan Fairchild<br>Agent: Jason Messenger | Telephone: (313) 226-9577<br>Telephone: (734) 676-2972 | |

# UNITED STATES DISTRICT COURT
for the
### Eastern District of Michigan

United States of America
   v.
Roman DE JESUS-NIETO

Case: 2:26−mj−30051
Assigned To : Unassigned
File Date : 2/2/2026

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 30, 2026__ in the county of __Oakland__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Unlawful Re-Entry Following Removal from the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_Jason Messenger_
Jason Messenger, Border Patrol Agent
U.S. Department of Homeland Security

*Printed name and title*

_[signature]_

*Judge's signature*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: __February 2, 2026__

City and state: __Detroit, MI__

Curtis Ivy, Jr. , U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Jason A. Messenger, declare the following under penalty of perjury:

1. I am an agent with the U.S. Department of Homeland Security, U.S. Border Patrol.  My position is United States Border Patrol Agent.  I have been an agent since December 14, 2009.  My current duty location is Gibraltar, Michigan.  The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol agents and record checks of law enforcement databases. I have also reviewed the immigration file and system automated data relating to Roman DE JESUS-NIETO, a native and citizen of Mexico.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant for Roman DE JESUS-NIETO, for a violation of 8 U.S.C. § 1326, unlawful re-entry following removal. I have not included every fact known to law enforcement related to this investigation.

3. On or about September 10, 1999, DE JESUS-NIETO was  encountered by United States Border Patrol Agents in or near Douglas, Arizona.  DE JESUS-NIETO was processed as a voluntary return and returned to Mexico.

4. On or about September 11, 1999, DE JESUS-NIETO was encountered by United States Border Patrol Agents in or near Douglas, Arizona.  DE JESUS-NIETO was processed as a voluntary return and returned to Mexico.

5. On or about August 20, 2000, DE JESUS-NIETO was encountered by United States Border Patrol Agents in or near Detroit, Michigan.  DE JESUS-NIETO was processed as a notice to appear and released.

6. On or about November 1, 2000, DE JESUS-NIETO was ordered removed by an Immigration Judge in Detroit, Michigan.

7. On or about November 2, 2000, DE JESUS-NIETO was encountered by United States Border Patrol Agents in or near Detroit, Michigan. DE JESUS-NIETO was processed as a "Bag and Baggage" as a result of his order of removal by an Immigration Judge. A "Bag and Baggage" return follows a formal notice sent by the U.S. government to an individual ordered deported, instructing them to report to a designated location with their belongings on a specific date for removal from the country.

8. On or about November 6, 2000, DE JESUS-NIETO was removed from the United States through Laredo, Texas to Mexico.

9. On or about February 17, 2003, DE JESUS-NIETO was encountered by United States Border Patrol Agents in or near Topawa, Arizona. DE JESUS-NIETO was processed as a Reinstatement of Deport Order, Form I-871.

10. On or about February 18, 2003, DE JESUS-NIETO was removed from the United States to Mexico through Nogales, Arizona.

11. On or about September 7, 2011, DE JESUS-NIETO was encountered by United States Border Patrol Agents in or near Wyandotte, Michigan. DE JESUS-NIETO was processed as a Reinstatement of Deport Order, Form I-871.

12. On or about September 20, 2011, DE JESUS-NIETO was removed from the United States to Mexico through Laredo, Texas.

13. On or about January 30, 2026, United States Border Patrol Agents assigned to the Detroit Sector, Targeting United conducted a targeted enforcement action in Troy, Michigan. Agents identified a subject Roman DE JESUS-NIETO, as an alien who had been previously removed from the United States with ties to the Detroit, Michigan area. Through investigative efforts, agents identified DE JESUS-NIETO in or near Detroit, Michigan and observed him drive a Ford Super Duty pickup truck bearing Michigan Registration XXXT05 registered to DE JESUS-

NIETO. Agents observed DE JESUS-NIETO exit a residence in Detroit, Michigan and drive away in the Ford Super Duty pickup truck. Agents conducted a vehicle stop on northbound I-75 in or near Troy, Michigan.

14. Agents approached the vehicle, identified themselves as United States Border Patrol Agents, and performed an immigration inspection on the occupant. DE JESUS-NIETO readily admitted his name, and to being a citizen of Mexico. Agents inquired if DE JESUS-NIETO possessed documents allowing him to be or remain in the United States legally. DE JESUS-NIETO said he that he did not have any documents permitting him to be or remain in the United States legally.

15. Upon determining DE JESUS-NIETO had illegally re-entered the United States, agents placed DE JESUS-NIETO under arrest and transported him to the Gibraltar Border Patrol Station for processing.

16. While at the Gibraltar Border Patrol Station, agents captured DE JESUS-NIETO's fingerprints and photograph and entered this information into the Automated Biometric Identification System (IDENT) and the Next Generation Identification (NGI). The results revealed that DE JESUS-NIETO is a citizen of Mexico, with no record of obtaining permission to re-enter the United States following his November 6, 2000, removal.

17. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, U.S. Code, to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

18. Review of the Alien File (A# XXX XXX 634) for DE JESUS-NIETO, and queries in U.S. Department of Homeland Security databases confirm no record exists of DE JESUS-NIETO obtaining permission from the Attorney

General or the Secretary of Homeland Security to re-apply for admission to the United States after his removal from the United States on November 6, 2000.

19. Based on the above information, there is probable cause to conclude that On or about January 30, 2026, in the Eastern District of Michigan, Southern Division, Roman DE JESUS-NIETO, an alien from Mexico, was found in the United States after having been denied admission, excluded, deported, and removed there from on or about November 6, 2000, and not having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a).

_____
Jason A. Messenger, Border Patrol Agent
U.S. Department of Homeland Security

Sworn to before me and signed in my presence and/or by reliable electronic means.

_____
Honorable Curtis Ivy, Jr.
United States Magistrate Judge